**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| **BRANDY MACHEN,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>**v.**<br><br>**MAC DISCOUNT, LLC**<br><br>Defendant. | **Case No.** |

**<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>**

Plaintiff Brandy Machen ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Collective and Class Action Complaint against Defendant MAC Discount LLC ("MAC Discount" or "Defendant") and alleges as follows:

**<u>PRELIMINARY STATEMENT</u>**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for MAC Discount's failure to pay Plaintiff and other similarly situated employees all earned overtime wages. Specifically, Defendant (i) failed to include non-discretionary "MacBucks" *and* "Tax Reimburse" and other bonus payments in the regular rate of pay when calculating overtime and (ii) failed to compensate employees for all hours worked, including time spent donning and doffing personal protective equipment (PPE) and related gear in the locker room.

2. The "Tax Reimburse" line item is a flat, recurring $8.00 payment that appears under the "Earnings" section on Plaintiff's earnings statements**.** It is added directly into Gross Pay and treated as fully taxable wages. The payment is non-discretionary, consistent across pay periods,

and functions as taxable compensation. Because it is non-discretionary compensation, the FLSA requires that it be included in the regular rate of pay for overtime purposes. *See* 29 C.F.R. §§ 778.208–215. Defendant failed to do so.

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt hourly employees of MAC Discount nationwide under the FLSA's collective-action provisions, 29 U.S.C. § 216(b).

4. Plaintiff also brings Rule 23 class claims under the Ohio Minimum Wage Act, Ohio Rev. Code § 4111.01 *et seq.* ("OMWA"), Ohio Rev. Code § 4113.15 (prompt payment of wages), and Ohio Rev. Code § 2307.60 (civil action for damages for criminal acts) for the same violations on behalf of all current and former non-exempt hourly employees employed by Defendant in Ohio.

5. Under the FLSA, employers must pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. The regular rate must include *all* non-discretionary bonuses, incentives, and taxable reimbursements. MAC Discount paid Plaintiff and the Collective Members both MacBucks ($25.00) *and* Tax Reimburse ($8.00) each pay period but did not include either payment in the regular rate when calculating overtime.

6. Additionally, MAC Discount required Plaintiff and the Collective/Class Members to don and doff PPE, uniforms, and protective gear in the company locker room before and after their shifts. This time is an integral and indispensable part of the principal activities of their employment and is compensable under the FLSA. Defendant did not pay for this time, resulting in unpaid overtime.

## <u>JURISDICTION AND VENUE</u>

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in Cranberry Township, Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred in this District. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017) (recognizing general personal jurisdiction where a defendant is "at home," including at its principal place of business).

9. MAC Discount regularly conducts business in and is subject to personal jurisdiction in this judicial district.

**PARTIES**

10. Plaintiff Brandy Machen is an adult resident of Youngstown, Ohio, and was employed by MAC Discount as a non-exempt hourly employee at all times relevant to this Complaint.

11. Defendant MAC Discount LLC is a Pennsylvania limited liability company with its principal place of business at 2000 Westinghouse Drive, Suite 101, Cranberry Township, PA 16066.

12. At all relevant times, Defendant was an "employer" and Plaintiff and the Collective/Class Members were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d) and (e).

**FACTUAL ALLEGATIONS**

13. MAC Discount operates discount and auction retail/warehouse facilities nationwide.

14. Plaintiff and the Collective/Class Members are non-exempt hourly warehouse and retail employees compensated at an hourly rate.

15. Defendant's payroll records consistently list two separate non-discretionary earnings items in addition to regular and holiday pay: "MacBucks" — $25.00 per pay period, and "Tax Reimburse" — $8.00 per pay period.

16. Both MacBucks and Tax Reimburse are added directly into Gross Pay and are fully taxable. Neither is included in the regular rate when Defendant calculates overtime.

17. The Tax Reimburse payment is fixed, recurring, and appears on virtually every earnings statement without variation. It is not tied to any variable expense report or receipt requirement and therefore constitutes non-discretionary compensation that must be included in the regular rate under the FLSA.

18. Defendant required Plaintiff and the Collective/Class Members to don and doff PPE (including steel-toed boots, gloves, and other protective gear) and in the locker room or designated changing area before beginning and after concluding their principal activities.

19. This donning-and-doffing time was required by Defendant, performed for Defendant's benefit, and an integral and indispensable part of the principal activities of Plaintiff's and the Collective/Class Members' jobs. It typically took approximately fifteen to twenty (15–20) minutes per day (pre- and post-shift combined).

20. Defendant did not record or compensate Plaintiff or the Collective/Class Members for this time.

21. As a result of these policies and practices, Plaintiff and the Collective/Class Members were not paid for all hours worked and were denied proper overtime compensation.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings the FLSA claims as a collective action under 29 U.S.C. § 216(b) on behalf of:

> **All current and former non-exempt hourly employees of MAC Discount LLC who worked more than forty (40) hours in any workweek in the three (3) years preceding the filing of this Complaint and who either (i) received MacBucks payments, (ii) received Tax Reimburse payments, or (iii) were required to don and doff PPE or protective gear without compensation.**

23. The Collective Members are similarly situated to Plaintiff in all relevant respects. Defendant subjected all non-exempt hourly employees to the same policies and practices regarding MacBucks, Tax Reimburse, and donning/doffing.

24. The claims arise from a common nucleus of facts and are based on a systematic course of wrongful conduct by Defendant.

25. Notice can be provided by first-class mail, email, and text message to the last known contact information in Defendant's records.

## RULE 23 CLASS ACTION ALLEGATIONS

26. Plaintiff brings the state-law claims as a class action under Fed. R. Civ. P. 23 on behalf of the following Ohio Class:

> **All current and former non-exempt hourly employees employed by MAC Discount LLC in Ohio at any time during the applicable statutory period who either (i) received MacBucks payments, (ii) received Tax Reimburse payments, or (iii) were required to don and doff PPE or protective gear without compensation.**

27. The proposed Ohio Class is ascertainable because membership can be determined from Defendant's payroll and employment records, which track hours worked, pay rates, bonus payments (including MacBucks and Tax Reimburse), and employee locations.

28. The Ohio Class is so numerous that joinder of all members is impracticable. Defendant operates discount and auction retail/warehouse facilities throughout Ohio and employs hundreds of non-exempt hourly warehouse and retail employees who are subject to the same compensation and timekeeping policies. The exact size of the Class is within Defendant's knowledge, but upon information and belief exceeds 100 members.

29. There are numerous questions of law and fact common to the Ohio Class that predominate over any individual issues, including, but not limited to:

a. Whether MacBucks, Tax Reimburse, and other non-discretionary bonuses (such as Scanner Bonus) must be included in the regular rate of pay for purposes of calculating overtime under the OMWA;

b. Whether Defendant's uniform policy and practice of excluding these payments from the regular rate violated the OMWA;

c. Whether time spent donning and doffing PPE and protective gear in the locker room is compensable time under the OMWA as an integral and indispensable part of the employees' principal activities;

d. Whether Defendant failed to compensate Class Members for all hours worked, including donning/doffing time, resulting in unpaid overtime;

e. Whether Defendant's violations were willful or in reckless disregard of the law;

f. The proper measure of damages, including the amount of unpaid wages, liquidated damages, and interest.

30. Plaintiff's claims are typical of the claims of the Ohio Class because Plaintiff was subjected to the same compensation policies, bonus structure, and donning/doffing requirements as all other Class Members. Plaintiff, like all Class Members, was paid MacBucks and Tax

Reimburse without inclusion in the regular rate and was not compensated for donning/doffing time.

31. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff has no interests antagonistic to or in conflict with the Class. Plaintiff is committed to vigorously prosecuting this action and has retained competent counsel experienced in class actions and wage-and-hour litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendant. Individual actions would also be economically infeasible for many Class Members given the relatively small amount of damages at issue for each. Class treatment will permit the adjudication of all claims in a single forum, conserve judicial and party resources, and promote efficiency. Defendant has acted on grounds generally applicable to the Class, making final injunctive or declaratory relief appropriate.

33. Class certification is also appropriate under Rule 23(b)(2) to the extent Plaintiff and the Class seek declaratory and injunctive relief regarding Defendant's ongoing policies.

**COUNT I: FLSA – FAILURE TO INCLUDE MACBUCKS AND TAX REIMBURSE PAYMENTS IN REGULAR RATE FOR OVERTIME (29 U.S.C. § 207) (Collective Action)**

34. Plaintiff and the Collective Members reallege and incorporate by reference all preceding paragraphs.

35. At all relevant times, Defendant paid Plaintiff and the Collective Members two categories of non-discretionary payments—MacBucks ($25.00) and Tax Reimburse ($8.00)—that were required to be included in the regular rate of pay.

36. Defendant failed to include either payment in the regular rate when calculating overtime compensation.

37. Defendant knew or acted with reckless disregard as to whether its conduct violated the FLSA, rendering its violations willful.

38. As a result, Plaintiff and the Collective Members are entitled to unpaid overtime wages, an equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II: FLSA – FAILURE TO PAY FOR DONNING AND DOFFING TIME (29 U.S.C. §§ 206, 207) (Collective Action)**

39. Plaintiff and the Collective Members reallege and incorporate by reference all preceding paragraphs.

40. Time spent donning and doffing PPE, uniforms, and protective gear in the locker room is compensable under the FLSA because it is an integral and indispensable part of the principal activities of Plaintiff's and the Collective Members' employment.

41. Defendant failed to record or pay for this time, resulting in unpaid minimum wage and overtime compensation.

42. Defendant's violations were willful.

43. Plaintiff and the Collective Members are entitled to all unpaid wages, liquidated damages, interest, attorneys' fees, and costs.

**COUNT III: VIOLATION OF THE OHIO MINIMUM WAGE ACT (RULE 23 CLASS ACTION)**

44. Plaintiff and the Ohio Class reallege and incorporate by reference all preceding paragraphs.

45. The conduct described above violates the Ohio Minimum Wage Act, Ohio Rev. Code § 4111.01 *et seq.*, which requires employers to pay non-exempt employees overtime compensation at one and one-half times the regular rate of pay (including all non-discretionary payments such as MacBucks and Tax Reimburse and other bonuses) for all hours worked over forty in a workweek and to compensate employees for all hours worked, including donning-and-doffing time that is an integral and indispensable part of the principal activities of employment.

46. As a direct and proximate result of Defendant's violations of the OMWA, Plaintiff and the Ohio Class are entitled to recover all unpaid wages, an equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs.

**COUNT IV: VIOLATION OF PROMPT PAYMENT OF WAGES – OHIO REV. CODE § 4113.15 (RULE 23 CLASS ACTION)**

47. Plaintiff and the Ohio Class reallege and incorporate by reference all preceding paragraphs.

48. Ohio Rev. Code § 4113.15 requires employers to pay all earned wages, including overtime compensation, in a timely manner. Defendant's systematic failure to include MacBucks and Tax Reimburse and other bonuses (i.e. "Scanner Bonus") in the regular rate and its failure to pay for donning-and-doffing time resulted in the untimely and incomplete payment of wages owed to Plaintiff and the Ohio Class.

49. As a direct and proximate result of Defendant's violations of § 4113.15, Plaintiff and the Ohio Class are entitled to recover all unpaid wages, statutory damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs.

**COUNT V: CIVIL ACTION FOR CRIMINAL ACTS – OHIO REV. CODE § 2307.60 (RULE 23 CLASS ACTION)**

50. Plaintiff and the Ohio Class reallege and incorporate by reference all preceding paragraphs.

51. Defendant's knowing and intentional failure to pay proper overtime compensation—including the failure to include non-discretionary such as MacBucks and Tax Reimburse payments in the regular rate and the failure to compensate for donning-and-doffing time—constitutes willful violations of the FLSA.

52. Willful violations of the FLSA are criminal acts punishable by fine and/or imprisonment under 29 U.S.C. § 216(a).

53. Pursuant to Ohio Rev. Code § 2307.60, any person injured in person or property by a criminal act may bring a civil action and recover full damages (including punitive damages), costs, and attorney fees. Ohio courts have expressly recognized that willful FLSA violations qualify as predicate criminal acts supporting a § 2307.60 claim. *See Oglesby v. FedEx Ground Package System, Inc.*, No. 3:20-cv-00346 (S.D. Ohio) (allowing § 2307.60 claim predicated on willful FLSA violations under 29 U.S.C. § 216(a)).

54. As a direct and proximate result of Defendant's criminal acts, Plaintiff and the Ohio Class are entitled to recover all unpaid wages, punitive damages pursuant to § 2307.60, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, on behalf of himself, the Collective Members, and the Ohio Class, respectfully requests that this Court:

A. Declare and adjudge that Defendant committed the violations alleged;

B. Award all unpaid overtime wages, minimum wages, and other compensation due, including the unpaid regular-rate premium on all bonus payments;

C. Award an equal amount as liquidated damages under the FLSA and OMWA, statutory damages under § 4113.15, and punitive damages under § 2307.60;

D. Award prejudgment and post-judgment interest;

E. Award reasonable attorneys' fees and costs;

F. Award Plaintiff a service incentive award; and

G. Grant such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED: April 7, 2026

Respectfully submitted,

*/s/ Michael L. Fradin (pro hac vice forthcoming)*
Michael L. Fradin
FRADIN LAW, LLC
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

s/ *James L. Simon*
**SIMON LAW CO.**
James L. Simon
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com